

FILED

09/07/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0024

DA 21-0024

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 226N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

KOBY JACOB MARTELL,

      Defendant and Appellant.

FILED

SEP 07 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

APPEAL FROM:      District Court of the Seventh Judicial District,
In and For the County of Prairie, Cause No. DC 17-011
Honorable Olivia C. Rieger, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Koby Martell, Self-represented, Deer Lodge, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

          Daniel Z. Rice, Prairie County Attorney, Terry, Montana

Submitted on Briefs:   July 14, 2021

Decided:   September 7, 2021

Filed:

_____
               Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Koby Jacob Martell appeals from the November 23, 2020 Order on Defendant's Post-Conviction Filings issued by the Seventh Judicial District Court, Prairie County, denying his "Motion for an Extension of Time to File for Post-Conviction Release [sic] Based upon the Extraordinary Circumstances Regarding the Disciplinary Sanctions Against my Privately Retained Attorney Brandon Hartford and COVID-19 Closures Nationwide." We affirm.

¶3 Martell pleaded guilty to one count of Sexual Intercourse without Consent, a felony, in violation of § 45-5-503(1), MCA, on May 31, 2018. The court sentenced Martell to the Department of Corrections for 20 years, with 15 suspended, on March 22, 2019. Martell did not appeal, and his conviction became final on May 21, 2019. On August 18, 2020, Martell filed a motion for extension of time to file a petition for postconviction relief. The District Court denied Martell's motion, determining "There is no good cause cited by the Defendant to allow this Court to grant his Motion." Martell appeals.

¶4 We review a district court's findings of fact for clear error and its conclusions of law for correctness. *Marble v. State*, 2015 MT 242, ¶ 13, 380 Mont. 366, 355 P.3d 742. We review de novo a district court's decision not to apply the doctrine of equitable tolling

2

as it relates to a petition for postconviction relief. *Davis v. State*, 2008 MT 226, ¶ 10, 344 Mont. 300, 187 P.3d 654.

¶5    A petition for postconviction relief must be filed within one year of the date the conviction becomes final.[1] Section 46-21-102(1), MCA. There is no dispute Martell failed to file his petition within one year of his conviction becoming final on May 21, 2019. The State maintains on appeal there is no "good cause" exception to the deadline for filing a petition for postconviction relief and Martell did not meet the burden of § 46-21-102(2), MCA, or the "miscarriage of justice" exception. This Court has recognized that equitable tolling may apply to toll the one-year deadline for postconviction relief petitions under § 46-21-102, MCA. *See Davis*, ¶¶ 23-25. In his handwritten, pro se motion for an extension of time, Martell sought an extension "on the extraordinary circumstances of both the state of emergency both nationwide and statewide imposed and those circumstances regarding the disciplinary sanctions issued against Martell's privately retained attorney." It is clear Martell sought equitable tolling of the deadline to file his petition for postconviction relief. When considering whether equitable tolling applies to a particular case, a district court "must determine whether the failure to toll on equitable grounds would work 'a clear miscarriage of justice, one so obvious' that the imposition of the time bar would compromise the integrity of the judicial process." *Davis*, ¶ 25 (quoting *State v. Redcrow*, 1999 MT 95, ¶ 34, 294 Mont. 252, 980 P.2d 622).

---

[1] The statutory exception under § 46-21-102(2), MCA, for newly discovered evidence of actual innocence does not apply in this case.

3

¶6 The District Court considered and rejected both grounds Martell raised to invoke equitable tolling. The court determined the COVID-19 protocols implemented by the prison did not prevent Martell from accessing legal materials based on the evidence provided by the State from the prison's law librarian and the courts have remained open throughout the pandemic as essential services. The court further determined Martell was aware of any alleged issues with his trial counsel long before the deadline for filing the petition for postconviction relief. Martell admitted he was aware of the one-year deadline but did not seek an extension until three months after the deadline had passed. The court determined there was "no good cause cited by the Defendant" to grant the motion. As the District Court concluded Martell's motion for extension lacked good cause, Martell's motion for extension clearly falls below the high burden required to apply equitable tolling: The time bar in this case does not work a clear miscarriage of justice so obvious it compromises the integrity of the judicial process.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Affirmed.

_____
Justice

We concur:

_____
Chief Justice

4

_____

_____

_____
Justices